IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JILL HODGE, TRAVIS JOHNSON, JOANGELA PULLEY, and TAMMI DOOLEY, individually and on behalf of all others similarly situated, <br><br>   Plaintiffs, <br><br>v. <br><br>PERMANENT GENERAL ASSURANCE CORPORATION, et al., <br><br>   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) NO. 3:22-cv-00608 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE HOLMES |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' motion to dismiss (Doc. No. 32), brought under Federal Rules of Civil Procedure 12(b)(6), which is fully briefed. (*See* Doc. Nos. 36, 41, 45, 47). For the reasons discussed below, the motion is **GRANTED** in part and **DENIED** in part.

### I.    JURISDICTION AND CHOICE OF LAW

The instant matter was brought to this Court pursuant to diversity jurisdiction under 28 U.S.C. § 1332. A federal court sitting in diversity applies the law of the forum state, including the forum's choice-of-law rules. *Atl. Marine Constr. Co. Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49 (2013). When parties acquiesce to the application of a particular state's law, courts need not address choice of law questions sua sponte. *See GBJ Corp. v. Eastern Ohio Paving Co.*, 139 F.3d 1080, 1085 (6th Cir. 1998). The parties rely upon Tennessee law in their briefing on the pending motion. (*See* Doc. No. 33 at 3 n.2, 12; Doc. No. 36 at 10 n.6, 15-18). Therefore, the Court will apply Tennessee law for the purposes of this motion.

## II. STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court construes the complaint in the light most favorable to the plaintiff, accepts its factual allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive such a motion, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

## III. ANALYSIS

In the present case, Plaintiffs Jill Hodge, Travis Johnson, Joangela Pulley, and Tammi Dooley bring claims against Defendants for breach of contract (Count 1), breach of the covenant of good faith and fair dealing (Count 2), and declaratory judgment (Count 3). Through the pending motion, Defendants argue the First Amended Complaint fails to state a claim for breach of contract (Count 1) because it does not allege non-performance by Defendants and because Plaintiffs did not comply with the appraisal provisions in their respective policies. (*See* Doc. No. 33 at 8 ("Plaintiffs' FAC fails to allege breach of contract because they willingly admit that Defendants have complied with their contractual duties under the Policy to pay for loss and, thus, did not breach the applicable policies."); *id*. at 9-11, 6 ("it is Plaintiffs (not Defendants) who have not complied with the terms of the applicable policies.")). Defendants argue Plaintiffs' claims for breach of the covenant of good faith and fair dealing (Count 2) and declaratory judgment (Count 3) fail because they are duplicative of their breach of contract claims. (*Id*. at 14). Additionally,

2

Defendants argue Johnson and Pulley's claims are time-barred and that Pully's claims should be dismissed for improper venue. (*Id.* at 11-13).

In their response, Plaintiffs do not argue against dismissal of Count 3 or Plaintiff Pulley's claims. (*See* Doc. No. 36; *see id*. at 18 n.10). Accordingly, Defendants' motion is **GRANTED** as unopposed as to Count 3 and as to Plaintiff Pulley's claims. Defendants' motion is also **GRANTED** as to Count 2 because breach of the covenant of good faith and fair dealing is not a stand-alone claim under Tennessee law; rather the alleged breach of the implied covenant is encompassed in Plaintiffs' claims for breach of contract. *See Lyons v. Farmers Ins. Exch.*, 26 S.W.3d 888, 894 (Tenn. Ct. App. 2000) (breach of covenant of good faith and fair dealing is part of breach of contract claim rather than stand-alone claim).

As for the breach of contract claims, Defendants ask the Court to construe the factual allegations in their favor rather than in the light most favorable to Plaintiffs. *Forrest Const. Co., LLC v. Laughlin*, 337 S.W.3d 211, 220, 225 (Tenn. Ct. App. 2009) (the determination of whether a party has fulfilled its obligations under a contract or is in breach of the contract is a question of fact). The Court declines to do so. *See Iqbal*, 556 U.S. at 682. Here, Plaintiffs have alleged facts, accepted as true, that state claims for breach of contract against Defendants. (*See* First Amended Complaint, Doc. No. 25 ¶¶ 15, 41). Accordingly, Defendants' motion is **DENIED** as to Count 1.[1]

Finally, the Court considers the timeliness of Johnson's claims. Although the statute of limitations is an affirmative defense, dismissal on timeliness grounds is appropriate "if the allegations in the complaint affirmatively show that the claim is time-barred." *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022) (internal quotations omitted). But "it is the defendant's burden to show that the statute of limitations has run." *Id*.

---

[1] While the Court will not compel appraisal on Defendants' motion to dismiss, it recommends appraisal to the extent it will assist in calculating damages.

The policy covering Johnson's vehicle contains the following provision:[2]

> Any lawsuit or arbitration against us by a person insured under this policy must be brought no later than 1 year after the date on which either the:
> a.  Loss or property damage to the covered auto occurs; or
> b.  Cause of action otherwise accrues.

(Doc. No. 33-1 at PageID #299).[3] Accordingly, under the contractual limitations period, Johnson had one year from either the date of loss *or* the accrual of his breach of contract cause of action to bring the present suit. Defendants contend that Johnson's breach of contract claim is time-barred because his vehicle "was declared a total loss on or around June 13, 2017, …. well over a year prior to the filing of suit[.]" (Doc. No. 33 at 11). Defendants do not address the date on which Johnson's cause of action accrued in their supporting memorandum. (*See* Doc. No. 36). Instead, they indirectly suggest, in a footnote in their reply, that Johnson's cause of action accrued on the date of the loss. (*See* Doc. No. 41 at 5 n.4).

Under Tennessee law, "[a] cause of action for breach of contract accrues on the date of the breach or when one party demonstrates a clear intention not to be bound by the contract." *Coleman Mgmt., Inc. v. Meyer*, 304 S.W.3d 340, 348 (Tenn. Ct. App. 2009); *Greene v. THGC, Inc.*, 915 S.W.2d 809, 810 (Tenn. Ct. App. 1995) ("The statute of limitations begins to run as of the date of

---

[2] Exhibit C to the First Amended Complaint, (Doc. No. 25-3), lists the insured as "Cornelia Hall" but the First Amended Complaint alleges the policy covered Johnson's Dodge Charger, so the Court will accept that as true.

[3] As a general rule, matters outside the pleadings may not be considered in ruling on a motion to dismiss under Rule 12(b)(6) unless the motion is converted to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). However, when a document is attached to a defendant's motion to dismiss and referred to in the pleadings and is integral to the claims, such as the insurance policy connected to Johnson's vehicle in the present case, the Court may consider the exhibit without converting a motion to dismiss into one for summary judgment. *See Hart v. Hillsdale Cty., Michigan*, 973 F.3d 627, 633 n.1 (6th Cir. 2020).

4

the breach.").[4] According to the First Amended Complaint, the alleged breach allegedly occurred when Defendants "applied an arbitrary and capricious 'typical negotiation' adjustment" in calculating the actual cash value of the Johnson vehicle. (First Amended Complaint, Doc. No. 25 ¶¶ 15, 41, 68-69, 77-78). Here, the date of the alleged breach – i.e., the date on which Defendants applied the "typical negotiation adjustment" – is not apparent from the allegations in the First Amended Complaint or from any of the attached exhibits. As such, Defendants have not met their burden of showing that Johnson's claim is time-barred. *See Snyder-Hill*, 48 F.4th at 698.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Doc. No. 32) is **GRANTED** as to Plaintiff Pulley's claims and Counts 2 and 3 and **DENIED** as to the remaining Plaintiffs' claims for breach of contract.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[4] The Tennessee Supreme Court has not answered definitively the issue of whether the discovery rule would apply in a breach-of-contract case. *See Individual Healthcare Specialists, Inc. v. BlueCross BlueShield of Tennessee, Inc.*, 566 S.W.3d 671, 711 (Tenn. 2019).